Betina Omerovic

1235 East Wilmington Ave

Salt Lake City Utah 84106

801-867-9941

betinaomerovic@ymail.com

FILED
U.S. DISTRICT COURT

2015 MAY 11 A 9 44

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

RECEIVED CLERK

APR 30 2015

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## for the
## District of Utah

|  |  |
|---|---|
| ) | **COMPLAINT** |
| **BETINA OMEROVIC ON BEHALF OF HUSBAND BENO OMEROVIC (DECEASED);** | Case: 2:15cv00312<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 4/30/2015<br>Description: Omerovic v. Hadco Construction |
| *Plaintiff(s)* ) | |
| v. ) | |
| **HADCO CONSTRUCTION et al.; and JOHN DOES 1-5** ) | Case No. |
| *Defendant* | District Judge: |

COMES NOW, Betina Omerovic on behalf of her husband Plaintiff Beno Omerovic and submits this Complaint for the reasons stated:

### A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1343, 1967 and 42 U.S.C. §§ 1981, 1983 *et seq.* Where

employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. §§ 626(c)(1) and appropriate relief is also sought.

**B. PARTIES**

1. Name of plaintiff: Betina Omerovic (spouse) on behalf of Beno Omerovic Present mailing address: 1235 East Wilmington Ave Salt Lake City, Utah.

2. Name of first defendant: HADCO CONSTRUCTION *et. al.* Defendant's present mailing address or business location: 1450 West 1850 North Lehi, Utah 84043.

3. Defendant(s) John Does 1-5 [Specific persons will likely be added as Defendants , and joined in this case].

**C. NATURE OF CASE**

4. The address at which I sought employment or was employed by the defendant(s) is: 1450 West 1850 North Lehi, Utah 84043

5. The discriminatory acts occurred on or about: April 13 2013

6. I filed charges with the Anti-Discrimination Division of the Utah State Industrial Commission regarding the defendant's discriminatory conduct on or about: June 2013 and then July 2, 2013. Reports were also made in August 2013 after Plaintiff passed away.

7. I filed charges with the Equal Employment Opportunity Commission regarding the defendant's discriminatory conduct on or about: September 2013

8. The Equal Employment Opportunity Commission sent the attached "Notice of Right to Sue" which I received on: (*See* attached "Notice of Right to Sue" to this complaint.)

9. The discriminatory acts that are the basis of this suit include, but not limited to:
   Plaintiff suffered extreme emotional and physical distress and retaliation in consequence of reporting Defendant(s) unlawful conduct. This conduct includes discrimination of Plaintiff's religion, harassment, and conduct which the evidence indicates is protected by Federal law against. Such apparent "hate crimes" and/or victimization of Plaintiff's national origin was invidious. The knowing and/or reckless disregard of these intentional malicious acts resulted in the loss of a human life and has directly and proximately caused permanent and irreparable harm to Plaintiff's spouse and daughter.

10. Defendant's conduct is discriminatory with respect to: Plaintiff's race, color, religion, national origin, and age.

11. We believe that the Defendant(s) are still committing these acts.

**D. CAUSE(S) OF ACTION AND SUPPORTING FACTS**

12. Plaintiff has been discriminated and retaliated against because of his disability, in violation of Americans with Disability Act of 1990, as amended; because of his age, in violation of Age Discrimination in Employment Act of 1967, as amended; and because of his national origin, Bosnian, religion (Muslim), in violation of Title VII of the Civil Rights Act of 1964 as amended. Plaintiff hereby asserts claims for intentional/negligent infliction of emotional distress, loss of consortium.

13. Violations of Plaintiff's Constitutional rights, and Federal and State statute, the Crime Victim's Rights Act and the Mandatory Victims Restitution Act.

14. From the onset of Mr. Omerovic's employment, he was subjected to discrimination and harassment which violates Constitutional, Federal, State, and numerous other provisions of law.

15. On or about June 17, 2013, at approximately 9:30 a.m. Mr. Beno Omerovic sustained a serious injury from a fall when another employee who apparently intentionally caused the fall while Plaintiff was performing his duties as an employee with Defendant HADCO.

16. These injuries included a fractured arm and a serious injury to Mr. Omerovic's hip.

17. These injuries occurred and were reported by the Mr. Omerovic to the designated authorities in the morning, but yet Defendant ordered a seriously injured man to immediately continue working.

18. The order for Mr. Omerovic to resume working while in excruciating pain was communicated as obligatory command, rather than a mere precatory suggestion.

19. Such reckless indifference for the serious nature of these injuries was evident by the fact that the Defendant failed to provide any real concern for Mr. Omerovic. At approximately 5:00 p.m. false showing of concern occurred, but by then the swelling became more severe, but still the Defendant denied rendering any medical attention.

20. The Plaintiff was apparently forced to continue working until nearly 7:00 p.m.

21. Not until the day after the incident was the Plaintiff seen by a Defendant's medical provider, but Plaintiff was immediately ordered to return to work and operate heavy machinery while prescribed a high dosage of narcotics for pain to take on daily basis.

22. This showed a reckless indifference to his welfare due to the serious nature of Plaintiff's injuries. Mr. Omerovic's crys for relief were met with contempt. He was prohibited from leaving work. He was forced to continue working under these hazardous conditions and while operating heavy equipment.

23. Throughout his employment with the Defendant's company, Plaintiff was constantly threatened, harassed, and discriminated against.

24. Plaintiff reported these incidents of extreme discriminatory conduct [as stated above] including but not limited to physical assaults which resulted in injuries (which were apparently criminal in nature).

25. Defendant(s) retaliated against Plaintiff for reporting these acts.

26. Continued threats and knowing and/or reckless disregard of these malicious acts resulted in the loss of a human life. The death of plaintiff and has directly and proximately caused irreparable harm to Plaintiff's spouse and daughter.

### E. DEMAND FOR A JURY

27. Plaintiff demands a jury trial.

### F. DAMAGES

28. Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court. These include his past and future loss of higher wages, raises, and or bonuses. Plaintiff's spouse also seeks an award of damages for her mental anguish and the losses she has suffered and continues to suffer.

29. Further, because the Defendant's acts and omissions were committed with malice and/or with reckless disregard of the consequences, they justify the imposition of exemplary damages in addition to the compensatory damages to which Plaintiff is entitled. Exemplary damages in this case should take into consideration the need to deter future conduct of this type.

30. Plaintiff also seeks compensation for the out-of-pocket expenses and costs of Court she will have incurred in this action.

31. Plaintiff believes that a jury should award punitive damages after it hears the evidence.

### G. PRAYER

32. For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a) An award of cost and expenses related to the litigation of this claim;
b) Loss of earnings sustained by Plaintiff from date of discrimination and

Retaliation to date of trial;

c) Loss of earning and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

d) Mental anguish, embarrassment, inconvenience, pain and suffering sustained by Plaintiff and his family (Spouse and Daughter) suffered at the hands of the Defendant(s)

e) Mental anguish, embarrassment, inconvenience, pain suffered by Plaintiff and suffering anticipated by Plaintiff's family in the future;

f) Punitive and exemplary damages; and

g) Pre-judgment interest at the highest rate allowed by law;

h) Post-judgment interest at the highest rate allowed by law;

i) A judgment against the Defendant for compensatory damages; and

j) Such other relief, legal or equitable, as may be warranted.

**DECLARATION UNDER PENALTY OF PERJURY** The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. § 1621.

Executed at___ on April 30th, 2015
(Location)

_____ Signature of Betina Omerovic on behalf of Plaintiff Beno Omerovic

EEOC Form 161 (11/09)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Beno Omerovic
27 East Gilbride Ave
# 209
Murray, UT 84107

From: Phoenix District Office
3300 North Central Ave
Suite 690
Phoenix, AZ 85012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2013-03603 | Lucy V. Orta, Enforcement Supervisor (EEOC Labor Commission) | (602) 640-5055 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Rayford O. Irvin,
District Director

JAN 3 0 2015
(Date Mailed)

Enclosures(s)

cc: **MADCO CONSTRUCTION**
c/o Mark McCarty
Richards Brandt Miller & Nelson
299 S Main St., 15 Fl.
Salt Lake City, UT 84111